UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANETIRONY CLERVRAIN, INS #19001382,<br><br>                                        Plaintiff,<br><br>vs.<br><br>LUIS GERALDO R. MARÍN,<br><br>                                        Defendant. | Case No.:  20-CV-925 JLS (RBB)<br><br>**ORDER (1) DISMISSING CIVIL ACTION PURSUANT TO 28 U.S.C. § 1915(e)(2)(B), AND (2) DENYING AS MOOT MOTION TO PROCEED** *IN FORMA PAUPERIS*<br><br>(ECF Nos. 1, 2) |

Plaintiff Manetirony Clervrain, a former federal prisoner subsequently detained at the Moore Detention Center in Okmulgee, Oklahoma by U.S. Immigration and Customs Enforcement pending removal, has filed a civil rights action pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Names Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[1] *See* ECF No. 1 ("Compl."). Plaintiff also moves to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* ECF No. 2 ("Mot.").

---

[1] "In 2018, one court concluded that '[s]ince entering the federal prison system in 2011, Mr. Clervrain has filed more than thirty cases in various federal courts across the country.'" *Clervrain v. Schimel*, No. 4:20-CV-538-SRC, 2020 WL 1975121, at *1 (E.D. Mo. Apr. 24, 2020) (quoting *Clervrain v. Revell*, No. 18-3166-SAC, 2018 WL 5281366, at *1 (D. Kan. Oct. 24, 2018) (citation omitted)). As a result of his

1

Because Clervrain seeks to proceed IFP, his Complaint is subject to *sua sponte* review, and mandatory dismissal, if it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B); *Coleman v. Tollefson*, 575 U.S. ___, 135 S. Ct. 1759, 1763 (2015) (pursuant to 28 U.S.C. § 1915(e)(2), "the court shall dismiss the case at any time if the court determines that—(A) the allegation of poverty is untrue; or (B) the action or appeal—(i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted"); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"). The purpose of section 1915's screening provisions are "'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

---

litigation history, while he was a federal prisoner, Plaintiff was found ineligible to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g) because at least three of those civil actions were dismissed as frivolous, malicious, or for failure to state a claim. *Id.* (citing Order, *Clervrain v. Holder*, No. 1:19-CV-890-UNA (D.D.C. filed Jan. 28, 2020), ECF No. 51; Order, *Clervrain v. Brownback*, No. 5:19-CV-3040-SAC (D. Kan. filed May 8, 2019), ECF No. 5 (collecting cases); Order, *Clervrain v. Samuel, Jr.*, No. 1:19-CV-468 (D.D.C. filed Mar. 13, 2019), ECF No. 48 (collecting cases)). "Plaintiff was released from federal prison on August 29, 2019[,] [but b]efore his release, he had been serving a 108-month sentence for attempt and conspiracy to commit mail fraud. *See Clervrain v. Revell*, No. 18-3166-SAC, 2018 WL 5281366, at *1 (D. Kan. Oct. 24, 2018); Sentencing Hr'g Tr. at 14:9–16:14, *United States v. Clervrain*, No. 0:11-cr-20074 (S.D. Fla. Nov. 14, 2012), ECF No. 99. "Apparently, during Plaintiff's incarceration, the Government initiated removal proceedings against him. *Clervrain v. Rosado*, No. 1:20-CV-0389-TJM-CFH, 2020 WL 4434867, at *2 n.2 (N.D.N.Y. Aug. 3, 2020) (citing *Clervrain v. Barr*, No. 20-60168 (5th Cir. Mar. 4, 2020)). "Consistent with the principle that deportation is a civil rather than a criminal procedure," the Ninth Circuit has held "that an alien detained by the INS pending deportation is not a 'prisoner' within the meaning of the PLRA [Prison Litigation Reform Act]." *Agyeman v. INS*, 296 F.3d 871, 886 (9th Cir. 2002). Thus, § 1915(g) serves as no bar to Clervrain's Motion. *See Taek Yoon v. Doe*, No. 3:12-CV-00219-DMS-BLM, 2012 WL 993421, at *1 (S.D. Cal. Mar. 23, 2012) (finding INS detainee was not a "prisoner" as defined by 28 U.S.C. § 1915(h) when he filed his civil action and, therefore, "neither the filing fee provisions of 28 U.S.C. § 1915(b), nor the '3-strikes' bar in 28 U.S.C. § 1915(g) appl[ied] to []his case.").

Clervrain's Complaint is partly illegible and entirely nonsensical. He has named Luis Geraldo R. Marín as the Defendant,[2] but does not explain who Marín is, where he resides, or what constitutional injury he had inflicted upon Clervrain while acting under color of federal law in this District or in any other. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001) (noting that the Supreme Court in *Bivens* "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights"); *Jones v. Comm'ty Redev. Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (noting that even pro se litigants must "allege with at least some degree of particularity overt acts which defendants engaged in" to state a claim).

Clervrain also appears to have filed the same incomprehensible pleading naming random current and former governmental officials in many courts across the country.[3] *See e.g.*, *Clervrain v. Schimel,* No. 4:20-CV-538 SRC, 2020 WL 5073942, at *1 (E.D. Mo. Aug. 27, 2020). Attached to his Complaint in this case, as well as in his many others, is a 53-page "Motion for Supplemental Injustice Adversely Affected ["*The Ant's*"], and for ["*Related Mater(s)*"] for Justification Act ("TAJA")." *See* Compl. at 17–71; *see also Clervrain v. Pompeo*, No. 4:20-CV-555-SRC, 2020 WL 4732044, at *2 (E.D. Mo. Aug. 14, 2020) (describing Clervrain's Motion). "Plaintiff uses emphasis and bracketing extensively in very long sentences organized by non-sequentially numbered and lettered paragraphs." *Pompeo*, 2020 WL 4732044, at *2. He also refers to himself as "*The Activist*" or "*the ANT*," and either invokes jurisdiction or alleges violations of the "Nationality Choice Act," the "Moral Turpitude Act," the "Ratification Punitive Act," the "Movement

---

[2] "Luis Gerardo Rivera Marín is an attorney-at-law and notary and a former secretary of state of Puerto Rico. Prior to this designation, Rivera Marín served as executive director of the Puerto Rico Tourism Company and as the secretary of consumer affairs of Puerto Rico. On July 13, 2019, Rivera Marín announced his pending resignation after allegations of his involvement in the Telegramgate scandal." *See* https://en.wikipedia.org/wiki/Luis_Rivera_Mar%C3%ADn (last accessed Sept. 2, 2020).

[3] A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

Educative Combating Character Act," and the "National Immigration Provision Malpractice Act," among hosts of others. *See* Compl. at 35–42. All of these "Acts" appear to be "his own legal creations and not existing legislative statutes." *Schimel*, 2020 WL 5073942, at *1.

And while Clervrain's cases name different defendants, they are all essentially "jabberwocky." *Clervrain v. Wilson*, No. 2:20-CV-02061, 2020 WL 1977392, at *2 (W.D. Ark. Apr. 24, 2020). They profess "Crimes of Apartheid against ["*Patriotism values*"]," and "['*humankind*']," denounce acts of genocide, "['*Greed Capitalism*']," "['*Secretive Crimes*']" involving mass deportation and terrorism, and allege violations against "['*Act[s] of God*']," the "U.N. Charter," and the Vienna Convention. *See* Compl. at 20–27; *cf. Pompeo*, 2020 WL 4732044, at *2. Moreover, the rambling allegations in Clervrain's Complaint in this case, like the one he filed in the Eastern District of Missouri against current Secretary of State Michael Pompeo, "do[] not mention [the] defendant [ . . . ], but do[] mention Dr. Martin Luther King, Jr., Nelson Mandela, and Abraham Lincoln." *Pompeo*, No. 4:20-CV-555-SRC, 2020 WL 4732044, at *2; *cf.* Compl. at 23–24.

In short, this Court, like those in essentially every other federal jurisdiction in which Clervrain has filed, finds it is simply unable to determine what causes of action are being alleged against the named Defendant or what relief is being sought. *See* Fed. R. Civ. P. 8(a) ("A pleading . . . must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."); *see also Clervrain v. Rosado,* No. 1:20-CV-0389-TJM-CFH, 2020 WL 4434867, at *1 (N.D.N.Y. Aug. 3, 2020) ("The Court is unable to discern what facts or claims Plaintiff seeks to present in his complaint, whether the Court has jurisdiction over the action, whether the Northern District of New York is the proper venue for this action, what parties Plaintiff seeks to include as defendants, whether Plaintiff has commenced identical actions in other federal courts, whether the named-defendant is a proper party in this action, and the time-frame for any alleged violations of any federal rights or laws, and thus the complaint must be

dismissed."); *Clervrain v. Sawyer*, No. 1:20-CV-348, 2020 WL 3424893, at *2 (W.D. Mich. June 23, 2020) (same).

A case like Clervrain's is subject to *sua sponte* dismissal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) if "it lacks an arguable basis . . . in law," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); where "a defense is obvious on the face of the complaint," *Franklin v. Murphy*, 745 F.2d 1221, 1228–29 (9th Cir. 1984); or if it "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (construing former 28 U.S.C. § 1915(d)) (citations and internal quotations omitted). All three are true here. And once classified as frivolous, "there is by definition no merit to the underlying action and so no reason to grant leave to amend." *Lopez*, 203 F.3d at 1127 n.8.

Accordingly, the Court **DISMISSES** this civil action in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B), **DENIES AS MOOT** Clervrain's Motion (ECF No. 2), and **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). The Clerk of the Court **SHALL ENTER** a final judgment of dismissal and **SHALL CLOSE** the file.

**IT IS SO ORDERED**.

Dated: September 9, 2020

Hon. Janis L. Sammartino
United States District Judge